**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

HENRY TAMBRIZ-AJPOP,

Petitioner,

v.

JEREMY CASE, *et al.*,

Respondents.

Case No. 26-cv-06253-BAS-VET

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 5)**

Petitioner Henry Tambriz-Ajpop filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 5.) Among other issues, Petitioner claims his detention without notice or an opportunity to be heard after he was released into the United States by the Office of Refugee Resettlement ("ORR") violates the Due Process Clause. (*Id.*) The Government filed a Return addressing the other issues but arguing the Court "should decline" to address the due process issue. (ECF No. 7.) Petitioner filed a Traverse reiterating the request for immediate release and arguing the Government had waived the due process issue by failing to respond. (ECF No. 8.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Guatemala, came to the United States on November 20, 2021, seeking asylum. (ECF No. 5, Ex. A ¶¶ 1–2.) Since he was a juvenile at the time, he was transferred to a juvenile shelter under the ORR. (*Id.*) The ORR determined he was not a flight risk or a danger to the community and released him to his father in Florida. (*Id.*) Petitioner applied for asylum, received a work permit, and obtained a Social Security number. (*Id.* ¶ 4.) He has no criminal record. (*Id.*)

In July 2026, Immigration and Customs Enforcement ("ICE") re-detained Petitioner without notice or an opportunity to be heard and without any changed circumstances with respect to his flight risk or danger to the community. (*Id.*) Petitioner seeks immediate release under the same terms and conditions as he was originally released. (*Id.*)

## III. ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard, and without noticeably changed circumstances, violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because the ORR released Petitioner upon finding he was not a flight risk or a danger to the community in December 2021, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Amended Petition.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

> The Court **ORDERS** that Henry Tambriz-Ajpop (A#220-512-242) be released on the same terms and conditions on which he was previously released in December 2021.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: November 20, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**